**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ODESSA E. HUNTER,**

                                **Plaintiff,**                    09-CV-0567(Sr)

**v.**

**NEW YORK STATE DEPT.**
**OF CORRECTIONAL SERVICES,**

                                **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #14.

Plaintiff commenced this action, *pro se*, on or about June 19, 2009, alleging, *inter alia,* that while employed by the New York State Department of Correctional Services as a Correction Officer at the Wende Correctional Facility, she was subjected to a hostile work environment and unlawfully terminated in violation of Title VII. Dkt. #1. Presently pending are defendant's motion for summary judgment (Dkt. #25) and defendant's motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure Rule 41(b) (Dkt. #31). For the following reasons, defendant's motion for summary judgment is denied as moot and defendant's motion to dismiss for failure to prosecute is granted.

Although plaintiff commenced this action on or about June 19, 2009, the time for effecting service of the summons and complaint was extended on two occasions and counsel for the defendant did not appear and file an answer until mid-February 2010.  Dkt. ##7-8.  With the exception of plaintiff's June 30, 2010 deposition, beginning in March 2010 and continuing to the present, plaintiff has made little effort to maintain correspondence with counsel for the defendant or the Court and has demonstrated a complete lack of interest in prosecuting her claims.  In fact, shortly after filing an answer on behalf of defendant, counsel for the defendant attempted to contact the plaintiff in an effort to confer and submit a proposed discovery plan.  Plaintiff failed to respond to the letters sent to her by counsel for the defendant.  Plaintiff did, however, attend the Preliminary Pretrial Conference held with the Court on May 10, 2010.  Dkt. #17.  Following the Preliminary Pretrial Conference, the Court entered a Case Management Order setting forth discovery deadlines and the deadline for the filing of dispositive motions.  Dkt. #18.  It appears from the docket sheet that the only meaningful participation by plaintiff in the prosecution of this case was her June 30, 2010 deposition wherein she testified, *inter alia*, that she would not provide defendant with the names of witnesses who could substantiate her claims in this case.  Dkt. #32, ¶ 10.

In a letter dated December 9, 2010, counsel for the defendant reminded plaintiff of her refusal to identify witnesses who could substantiate her claims and further advised plaintiff that "her refusal, in conjunction with her failure to provide any evidence of discrimination or pretext, was fatal to her case."  *Id*.  Enclosed with his

December 9, 2010 letter was a stipulation of discontinuance for plaintiff to sign and return; plaintiff never responded to the letter. *Id*. at ¶¶ 11-12. On January 14, 2011, counsel for defendant served and filed a motion for summary judgment. Dkt. #25. Included in that motion was the required notice to *pro se* litigants opposing a summary judgment motion as provided for in *Irby v. New York City Transit Authority*, 262 F.3d 412, 413 (2d Cir. 2001). On the same date defendant filed its motion for summary judgment, the Court issued a Text Order setting the following schedule, plaintiff's response to the motion for summary judgment was due February 18, 2011 and defendant's reply, if any, was due March 11, 2011. Dkt. #30. To date, plaintiff has failed to respond to defendant's motion for summary judgment. Thereafter, on February 24, 2011, defendant filed a motion to dismiss the complaint for lack of prosecution. Dkt. #31. To date, plaintiff has failed to respond to the motion to dismiss for lack of prosecution.

>Rule 41(b) of the Federal Rules of Civil Procedure provides that
>
>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court

adequately assessed the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Systems, Inc*., 375 F.3d 248, 254 (2d Cir. 2004).

In the instant case, plaintiff's lack of communication with counsel and refusal to participate in the prosecution of this action, most notably, her refusal to provide counsel for the defendant with names of witnesses or any evidence to support her claim of discrimination has prevented completion of even the most rudimentary of discovery more than two years after the filing of this action. Indeed, with the exception of submitting to a deposition in June 2010, it appears to this Court that the only activity in the case has been the filing of defendant's motion for summary judgment and motion to dismiss for failure to prosecute.  With respect to both motions, plaintiff has neither filed a response nor sought an extension of time to respond.  As a result, the case is at a standstill and by her own inaction, plaintiff has unmistakably demonstrated her unwillingness to prosecute this case.  With respect to each of the pending motions, this Court has given plaintiff ample opportunity to respond.  In addition, by reason of the inclusion of the *Irby* notice with defendant's motion for summary judgment, plaintiff was warned that her failure to respond could result in a judgment being entered in defendant's favor without a trial.  Dkt. #25.

Given plaintiff's repeated failures to abide by the deadlines set by this Court, her failure to respond to the pending motion for summary judgment and the pending motion to dismiss for failure to prosecute and her failure to heed the warning set forth in the *Irby* Notice, the Court can conceive of no lesser sanction than dismissal

to effectively address plaintiff's failure to prosecute this action. Accordingly, defendant's motion to dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and defendant's motion for summary judgment is denied as moot.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 16, 2011

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**